UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MARIO SCLAFANI and BRAULIO BAEZA,

                      Plaintiffs,

    - against -

ELIOT SPITZER, Individually, THE NEW
YORK RACING ASSOCIATION, INC.,
ASSISTANT DEPUTY ATTORNEY
GENERAL JOHN DORMIN, Individually,
ASSISTANT ATTORNEY GENERAL
MERYL ANN LUTSKY, Individually,
PAUL BORELLA NEW YORK STATE
POLICE INVESTIGATOR, Individually,
SAFIR ROSETTI, LLC, FRED BALDINO,
Individually, and DAVID SAMUEL, Individually,

                      Defendants.
-------------------------------------------------X

**O R D E R**

08 CR 3654 (JBW)

## FACTUAL BACKGROUND

Plaintiffs filed this action on September 9, 2008, alleging various civil rights violations under Sections 1983 and 1988 in connection with the 2005 arrest and indictment[1] of plaintiffs on state conspiracy and fraud charges that were later dismissed. On May 8, 2009, plaintiffs submitted an application for an Order compelling defendants to produce the sealed minutes and exhibits of the grand jury proceedings underlying the indictments in People v. Sclafani and People v. Baeza, arguing that the minutes and exhibits are relevant to demonstrate the prosecutorial misconduct that forms the basis of plaintiffs' Complaint. On May 14, 2009,

---

[1] The Court notes that a superseding indictment was filed in the underlying case alleging the same crimes in 2006.

1

defendants opposed plaintiffs' request, contending that because these proceedings were ordered sealed by the state court, plaintiffs must initially present their unsealing application to the state court. Defendants further argue that plaintiffs have failed to demonstrate a particularized need for the materials that outweighs the policy and need for sealing.

## DISCUSSION

New York law prohibits the disclosure of "the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a) (McKinney 2007). While federal courts are not bound by state law, "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." Wilson v. City of New York, No. 06 CV 229, 2007 U.S. Dist. LEXIS 97490, at *4 (E.D.N.Y. Dec. 21, 2007) (internal citations omitted). Thus, federal courts will not order the disclosure of state grand jury minutes and exhibits unless the moving party (1) gives the state court the first opportunity to adjudicate the request for disclosure and (2) can demonstrate a "particularized need" for the grand jury materials. Id. See also Palmer v. Estate of Stuart, No. 02 CV 4076, 2004 WL 2429806, at *2-3 (S.D.N.Y. Nov. 1, 2004); Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 226, 99 S Ct. 1667, 60 L. Ed. 2d 156 (1979).

Here, plaintiffs have not given the state court the opportunity to adjudicate the request they are now making before this Court. The state's interest is particularly high in this case, given that the state court issued a ruling in 2007 dismissing a number of counts of the indictment based on the court's own inspection of the grand jury minutes. As such, the state court has not only

recently reviewed the minutes and is more familiar with the secrecy concerns at issue in this case, but it is in a better position to evaluate any continued need for secrecy. See Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. at 225-26 (holding that "the policies underlying Rule 6 (e) dictate that the grand jury's supervisory court participate in reviewing such requests, as it is in the best position to determine the continuing need for grand jury secrecy. . . even other judges of the [court] where the grand jury sat may be able to discover facts affecting the need for secrecy more easily than would judges from elsewhere"). Accordingly, the Court denies plaintiffs' application at this time and directs that any unsealing application be made in the first instance to the state court responsible for supervising the grand jury.

Moreover, even if this Court were to consider the application at this time, the Court would find that plaintiffs have failed to demonstrate a particularized need for the grand jury minutes and exhibits. To demonstrate a particularized need, the party seeking disclosure must show "that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." Alvarado v. City of New York, No. 04 CV 2558, 2009 U.S. Dist. LEXIS 15591, at *5 (E.D.N.Y. Feb. 27, 2009) (internal citations omitted) ("Alvarado II"). See also Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. at 222. A general desire for the discovery needed to prove one's case does not satisfy the requisite showing of particularized need. See Alvarado v. City of New York, No. 04 CV 2558, 2006 U.S. Dist. LEXIS 57345, at *7 (E.D.N.Y. Aug. 5, 2006) ("Alvarado I"); see also Alvarado II, 2009 U.S. Dist. LEXIS 15591, at *5 ("[a]uthorizing a fishing expedition based solely on conclusory allegations of misconduct before the grand jury would result in every plaintiff who claimed malicious prosecution being given access to the

minutes of the grand jury that voted on the underlying indictment"); Cherry v. Rodenburg, No. 04 CV 1902, 2008 U.S. Dist. LEXIS 81611, at *7 (E.D.N.Y Oct. 15, 2008).

Here, plaintiffs argue that they require all grand jury minutes and exhibits because: (1) they are relevant to plaintiffs' allegations that defendant manufactured evidence to secure an indictment and presented false evidence to the jury, and (2) they are necessary for plaintiffs to question, refresh the recollections of, and impeach defendants about the grand jury presentations involved in this prosecution. However, in making this general request for all grand jury minutes and exhibits, plaintiffs fail to note that during discovery in the criminal case, they received all grand jury testimony from and materials relating to the witnesses who testified at the criminal trial. In seeking the remaining testimony without demonstrating why this additional testimony is necessary in light of what they have already received, plaintiffs' overly broad request is precisely the kind of fishing expedition and attempt to obtain the discovery needed to prove their case that courts have held is insufficient to constitute a particularized need.

The Court also notes that despite plaintiffs' claim that the grand jury minutes are their only possible source of what occurred in the grand jury, New York law permits a witness to disclose his or her own grand jury testimony. N.Y. Crim. Proc. Law § 190.25(4)(a) (McKinney 2007). See also Cherry v. Rodenburg, 2008 U.S. Dist. LEXIS 81611, at *12. Thus, plaintiffs are free to question the witnesses who testified before the grand jury, and obtain information regarding the proceedings in that fashion.

Given that plaintiffs have failed to show that an injustice might result absent disclosure of the state grand jury minutes and exhibits, that the need for disclosure is greater than the need for continued secrecy, or that their request is structured to cover only material so needed, the Court

finds that plaintiffs' application, even if considered at this time, fails to demonstrate a particularized need that would warrant disclosure.

## CONCLUSION

Accordingly, the Court hereby denies plaintiffs' application for an Order compelling defendants to produce the minutes and exhibits of the grand jury proceedings.

**SO ORDERED.**

Dated: Brooklyn, New York
       May 28, 2009

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York